# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRETT C. TITTLE,**

       **Plaintiff,**

**v.**                                    **Case No. 04-C-0320**

**STEVEN W. HOLMBLAD,**
**EDMUND W. FITTING, and**
**JOHN DOES 3-5,**

       **Defendants.**

## <u>ORDER</u>

      Plaintiff, Brett C. Tittle, filed this <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff's last known address is the Macon Diversion Center, Macon, Georgia.

      Plaintiff is proceeding <u>in forma pauperis</u> on claims against two named and three John Doe Milwaukee Police Department officers involved in the response to plaintiff's call for assistance on August 28, 2003, and his subsequent detention based on a probation violation warrant. By order of October 7, 2004, the plaintiff was directed to file an amended complaint identifying defendants John Doe 3-5 or to detail his inability to do so within 30 days. The plaintiff did not comply with the order and by letter of October 19, 2005, I extended the deadline for the plaintiff to file an amended complaint to November 21, 2005. The letter was mailed to the plaintiff at his last known address. The letter was returned to the court on October 31, 2005, marked "Return to Sender."

      District courts have inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute. <u>Daniels v. Brennan</u>, 887 F.2d 783, 785 (7th Cir. 1989). A dismissal for

lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. <u>Casteel v. Pieschek</u>, 3 F.3d 1050, 1055 (7th Cir. 1993); <u>Daniels</u>, 887 F.2d at 785.

Civil Local Rule 41.3 (E.D. Wis.) which governs dismissal for "lack of diligence," provides: "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days."

Plaintiff's failure to comply the court's order of October 7, 2004, together with his failure to inform the court of his current address indicates that he is no longer interested in prosecuting this action. Under these circumstances, the court is convinced that dismissal for failure to prosecute is an appropriate sanction for the plaintiff's lack of diligence. Consequently, the plaintiff's action will be dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that this case is dismissed without prejudice pursuant to Civil Local Rule 41.3 (E.D. Wis.).

Dated at Milwaukee, Wisconsin, this 5 day of December, 2005.


/s_____
LYNN ADELMAN
District Judge

2